**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| RICKY RICARDO DANIEL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN OF FCI ) <br> BENNETTSVILLE, ) <br> ) <br> Respondent. ) <br> _____) | Civil Action No. 3:11-1048-JFA-JRM <br><br> **ORDER AND** <br> **REPORT AND RECOMMENDATION** |

Petitioner, Ricky Ricardo Daniel ("Daniel"), is an inmate at FCI-Bennettsville serving a sentence of 240 months imposed after a trial by jury on drug charges in the Northern District of Alabama. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 9, 2011. Respondent filed a motion to dismiss the petition on October 19, 2011. Because Daniel is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on October 19, 2011 explaining to him his responsibility to respond to the motion to dismiss. Daniel filed his response on November 21, 2011.[1] Pretrial matters in this case were automatically

---

[1] Daniel filed a "Motion to Supplement" the arguments in his Roseboro response on December 13, 2011 (Court Document No. 23). The motion is **granted** and the supplemental arguments have been fully considered in this Report and Recommendation. Daniel also filed a motion to amend his petition on November 21, 2011 (Court Document No. 21). He seeks to identify the correct
(continued...)

1



referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(c) and (e) DSC.

## Background and Procedural History

Copies of the record attached to Respondent's motion to dismiss show:

1. Daniel and a number of co-defendants were indicted by a grand jury in the Northern District of Alabama on September 17, 1998.

2. Daniel was sentenced on July 1, 1999.

3. Daniel and two co-defendants filed a joint appeal. Daniel raised the following claims:

   Whether the District Court properly denied appellant Daniel's motion to sever.

   Whether the District Court properly overruled appellant Daniel's motion for judgment of acquittal and whether the evidence presented at trial was sufficient to support the jury's verdict as to Daniel.

4. Daniel's convictions were affirmed by the Eleventh Circuit Court of Appeals.

5. Daniel filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on November 23, 2001 in the Northern District of Alabama. The motion was dismissed as untimely.

6. The dismissal was affirmed by the Eleventh Circuit.

7. Daniel's further attempts for relief in the Northern District of Alabama have been unsuccessful.

## Grounds for Relief

Daniel's grounds for relief are not clearly stated in his petition. Respondent characterizes his

---

[1](...continued)
Respondent and to make clear that his only ground for relief is "actual innocence." The motion is **granted**.

2



claims as (1) he was not a member of the conspiracy alleged in the indictment; (2) a tape or transcript was used improperly at trial; (3) ineffective assistance of counsel at sentencing; (4) he did not have knowledge of the existence of a conspiracy; and (5) the drug amounts were not submitted to the jury. (Res.Mem., pp. 3-4). However, in his Roseboro response Daniel states that:

> Petitioner does not attempt to attack his 1999 conviction after a trial in the United States District Court for the Northern District of Alabama. Petitioner "only" raises one legal ground of "actual innocense."

(Roseboro Response, p. 1).

## Discussion

### A. Actual Innocense

Daniel has stated that his only claim is that he is actually innocent of the crimes of conviction. He was convicted of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine (Count 1) and possession with intent to distribute in excess of 5 kilograms of cocaine (Count 10).

A general principle of habeas jurisprudence is that a petitioner must exhaust available remedies before filing a habeas petition. Failure to exhaust generally precludes a defendant from raising direct appeal issues in a collateral proceeding such as a motion to vacate or set aside a sentence pursuant to 28 U.S.C. § 2255. The failure to raise the issue at the time results in a procedural default. A procedurally defaulted claim may be raised on collateral review only if the petitioner demonstrates either cause and actual prejudice or that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Smith v. Murray, 477 U.S. 527 (1986). Thus "actual innocense" is not a claim upon which habeas relief may be granted. Actual innocense, if proven, is a vehicle to raise defaulted claims, upon which relief may be granted, in a collateral proceeding.

3



Even if actual innocense was a cognizable claim, Daniel has not met the rigorous standard which applies to the principle. "'Actual innocense' means factual innocense, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To succeed on actual innocense grounds,…'a petitioner must demonstrate factual innocence of the offense of conviction, i.e., that the petitioner did not commit the crime of which he was convicted; this standard is not met by showing that a petitioner is legally, but not factually, innocent.' Furthermore, the movant must show actual innocense by clear and convincing evidence." United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010), quoting United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).

The primary witness against Daniel at trial was Eric Bruce ("Bruce"), a co-conspirator. The evidence relied upon by Daniel is attached to his Roseboro response. It does not consist of new evidence, but information available at the time of trial, e.g., a portion of Bruce's Grand Jury testimony and DEA reports. Also included are partial transcripts of trial testimony and excerpts from Daniel's sentencing hearing at which the trial judge commented that Bruce was not a believable witness. The thrust of Daniel's argument is that Bruce and others committed perjury at Daniel's trial. Based on these selected portions of the record, Daniel asserts that he is innocent and should not have been convicted.

Daniel's claim of actual innocence is not supported by the record and he has not met the applicable standard as described above. In essence, Daniel argues the weakness of the Government's case against him.

**B. Savings Clause**

Prior to the enactment of 28 U.S.C. § 2255, the only avenue a federal prisoner could take to collaterally attack his conviction was a petition for writ of habeas corpus pursuant to 28 U.S.C. §



2241. *See* <u>Triestman v. United States</u>, 124 F.3d 361, 373 (2nd Cir.1997). In 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Generally, motions brought under § 2255 attack the validity of a conviction or sentence, while petitions under § 2241 attack the execution of a sentence. *See* <u>In re Vial</u>, 115 F.3d 1192, 1194, n. 5 (4th Cir.1997) (en banc). A federal prisoner may also bring a § 2241 petition when a § 2255 motion is "inadequate or ineffective" to test the legality of his detention. *See* 28 U.S.C. § 2255(e). To demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction, the prisoner is required to show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the validity of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re: Jones</u>, 266 F.3d 328, 333-34 (4th Cir.2000).

Daniel asserts that § 2241 is available to him under the savings clause contained in § 2255(e), as interpreted by <u>In re Jones</u>. The undersigned disagrees because Daniel can meet none of the <u>Jones</u> criteria. His claims (other than "actual innocense") are run of the mill direct appeal (lack of sufficiency of evidence, improper admission of evidence, drug amounts not submitted to the jury) or § 2255 (ineffective assistance of counsel) issues.

Therefore, the undersigned concludes that § 2241 is unavailable to Daniel and his petition is subject to dismissal.



**Conclusion**

It is therefore, recommended that Respondent's motion to dismiss be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

June 21, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).