UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ricky Ricardo Daniel, #21490-001, | ) | C/A No. 3:11-1048-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden of FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner, Ricky Ricardo Daniel, is an inmate with Federal Correctional Institution at Bennettsville, South Carolina. He brings this action pursuant to 28 U.S.C. § 2241 contending that he is actually innocent of his conviction in the Northern District of Alabama in 1998 for conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion to dismiss[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 21, 2012. The petitioner filed timely objections to the Report. Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner and his two co-defendants were sentenced on July 1, 1999 for conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and possession with intent to distribute in excess of 5 kilograms of cocaine. The defendant was sentenced in the Northern District of Alabama.

Petitioner and his co-defendants filed a joint appeal contending that the district court improperly denied petitioner's motion to sever and argued that the evidence presented at trial was insufficient to support the jury's guilty verdict. Thereafter, petitioner's convictions were affirmed by the Eleventh Circuit Court of Appeals and his motion to vacate his sentence under 28 U.S.C. § 2255 was dismissed as untimely.

As the Magistrate Judge notes in his Report, the petitioner clarifies that he is not attacking his 1999 conviction in the Northern District of Alabama, rather he claims that he is actually innocent of the crimes of conviction.

To the extent that petitioner asserts his petition under § 2241 is available to him under the Savings Clause of 28 U.S.C. § 2255(e), as interpreted by *In re Jones*, 266 F.3d 328, 333–34 (4th Cir. 2000), the Magistrate Judge concludes that § 2241 is unavailable to the petitioner because he can meet none of the *Jones* criteria. This court agrees and finds that it does not have jurisdiction to entertain petitioner's § 2241 petition.

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. The court finds that the petitioner's objections are merely duplicative of the claims he raised in his original § 2241 petition. This court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion to dismiss (ECF No. 18) is granted and the § 2241 petition is dismissed.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 23, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).